## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **U-TEC CONSTRUCTION, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **v.** | ) | |
| | ) | _____ |
| **PHOENIX LOSS CONTROL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |
| _____ | ) | |

## VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

**COMES NOW** U-Tec Construction, Inc. ("U-Tec"), Plaintiff in the above-styled action, by and through the undersigned counsel, and files its Verified Complaint for Damages and Demand for Jury Trial (the "Complaint"). In support of the Complaint, Plaintiff respectfully shows the Court as follows:

## PRELIMINARY STATEMENT

1.      The Plaintiff, U-Tec, brings this action against Phoenix Loss Control, Inc.  ("Phoenix") for violations of State and Federal Racketeer Influenced Corrupt Organizations Acts, Fraud, and other tort actions as detailed below.

2.      U-Tec is a construction company that provides, among other services, outdoor lighting installation and maintenance, underground construction

installation, maintenance, and conversions, storm restoration and emergency services, and electrical service connections.

3.     Phoenix is a collections agency that targets utility service companies in an attempt to recover fraudulent and inflated damage repair costs.

4.     Phoenix has continually targeted U-Tec and other utility services and construction companies in Georgia and across the country by sending fraudulent demands for payment of repair costs associated with damage that never occurred or for repairs that were unnecessary.

5.     Phoenix acts as a collections agency for utility, power, and telecommunications companies against other companies and alleges false and exaggerated costs of repair in an attempt to extort money from companies.

6.     Phoenix knowingly and intentionally created false and fraudulent claims for payment, and knowingly made, used, or caused to be made or used false records or statements.

7.     Phoenix presented multiple false and fraudulent claims to U-Tec over many years.

8.     Phoenix acted in concert with its telecommunications and utility clients to create and falsify fraudulent claims for repair costs for damage that either never

occurred or for damage that was significantly less cost intensive than the claims alleged by Phoenix and its clients.

9.     Phoenix, acting in concert with its clients, inflated prices for damage costs, and reported inflated estimates of the scope of alleged damages by, including but not limited to, reporting repair or replacement of facilities that never occurred or by including inflated labor costs or equipment costs that were neither necessary nor used in relation to the alleged repairs and replacements.

10.     Phoenix, in concert with its clients, has also been known to include demands for improper "loss of use" and "diminished value" charges not based in fact, improper administrative fees, unnecessary estimated charges, false charges for repair, and excessive or duplicative materials and labor costs.

11.     The demands for repayment of costs drafted and presented by Phoenix on behalf of its clients were false records including false statements and writings.

12.     Phoenix's clients knowingly benefitted from the false and fraudulent claims because the costs recovered were frequently more than the damages the companies suffered, if any.

## JURISDICTION

13.     This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1331, in that this is a civil action arising under the Federal Racketeer Influenced and Corrupt Organizations Act pursuant to 18 U.S.C.A. §§ 1961 *et seq.*

14.     This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1332, in that this the parties have diversity of citizenship and the amount in controversy exceeds $75,000.00.

15.     Phoenix has purposefully availed itself of the laws of this state and established certain minimum contacts through its intentional business practices here for may years.

## VENUE

16.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

17.     Plaintiff U-Tec Construction, Inc. is a domestic corporation incorporated under the laws of the State of Georgia with a principal place of business located at 926 Ridgedale Drive, Lawrenceville, GA 30043.

18.     Defendant Phoenix Loss Control, Inc. is a foreign corporation incorporated under the laws of the State of Colorado with a principal place of business at 7646 South Bear Mountain, Littleton, CO 80127. It can be served with process by serving its registered agent, Julie Gurman, at 1001 Brocade Drive, Highlands Ranch, CO 80126.

## FACTS

19.     Phoenix has routinely included inflated, false, fraudulent, and improper charges on settlement demand invoices to U-Tec.

20.     Phoenix sends fraudulent Damage Claim Invoices to contractors like U-Tec with line-item details of alleged damages which often include alleged damages, such as loss of use, that are unsubstantiated and unfounded.[1]

21.     The loss of use charges are not based on a factual amount of time that service was actually down, nor are the loss of use charges based on the number of customers affected.

22.     It is unlawful to charge loss of use damages that are not based in an actual loss. *See* MCI Commc'ns Servs. v. CMES, Inc., 291 Ga. 461, 461, 728 S.E.2d 649, 651 (2012).

---

[1] A true and accurate copy of a fraudulent Damage Claim Report from Phoenix sent to U-Tec containing false, fraudulent, and inflated damages is attached hereto and incorporated herein as Exhibit 1.

23.     Despite the unlawfulness of loss of use charges calculated by false and fictious means, Phoenix continued to charge the fraudulent loss of use charges to U-Tec and other companies.

24.      Other times, Phoenix will send fraudulent Damage Claim Reports with line-item damages that Phoenix alleges are direct invoices from clients and delivers the fraudulent damages on client letterhead to give the appearance of authenticity. [2]

25.     Phoenix also sends fraudulent Damage Claim Reports that only list a Total Demand for Payment without even listing detailed line-item costs for alleged damages to substantiate the calculations.[3]

26.     When Phoenix does not receive a response or resolution to an initial or final notice of a Damage Claim Report, they follow up with a Reduced Settlement Offer and threat of litigation in hopes that the contractor will pay the Reduced Settlement Offer to avoid more expensive litigation.[4]

27.     Phoenix consistently drafts unsubstantiated and fraudulent Damage Claim Reports alleging that companies, like U-Tec, damaged telecommunications lines with unsubstantiated and inflated claims of loss.

---

[2] A true and accurate copy of a fraudulent Damage Claim Report from Phoenix sent to U-Tec containing false, fraudulent, and inflated damages on client letterhead is attached hereto and incorporated herein as Exhibit 2.

[3] A true and accurate copy of a fraudulent Damage Claim Report from Phoenix sent to U-Tec containing an unsubstantiated Demand for Payment is attached hereto and incorporated herein as Exhibit 3.

[4] A true and accurate copy of a Reduced Settlement Offer for a fraudulent Damage Claim Report, associated with the property from Exhibit 3, sent from Phoenix to U-Tec is attached hereto and incorporated herein as Exhibit 4.

28.    Phoenix acts in concert with local utility service providers to create false and fraudulent invoices of repair work allegedly completed.

29.    Phoenix blames U-Tec for alleged damage, but provides no evidence or other proof that any damage was done or that U-Tec definitively was responsible for any damage.

30.    Having no eye-witnesses to any damage, if any damage was done, Phoenix's allegations are based on speculation and conjecture.

31.    Any damage that allegedly occurred likely could have been fixed by more cost-effective means such as with a simple splicing of line rather than a full replacement.

32.    At times when full replacement allegedly occurred, there is no evidence that a full replacement was conducted or even necessary.

33.    Often times, demands for repair included labor and materials that would be unnecessary even if the damage alleged had in fact occurred.

34.    Phoenix's inclusion of false, fraudulent, and inflated charges are an attempt to extort more funds from the contractors, like U-Tec, than may have actual been necessary to cover any alleged repairs.

35.    The fraudulent and inflated demands are improper because they do not reflect Phoenix's clients' actual damages, if any.

7

36.     Phoenix, on multiple occasions, has falsely alleged that U-Tec damaged its collections clients' lines without any eyewitness or other evidence that U-Tec did in fact damage anything.

37.     Phoenix has falsely and fraudulently alleged costs of repair and replacement without proof of actually repairing and replacing any line.

38.     Phoenix has attempted to extort funds from U-Tec, and others in a pattern of improper conduct.

39.     Phoenix and its clients, jointly and severally, have created a course of conduct to fabricate damages and costs of repair in an attempt to extort funds from U-Tec and other contractors.

40.     Phoenix and its clients have targeted U-Tec and other contractors in hopes that, rather than litigating the false and fabricated damages and repair costs, U-Tec and other contractors will simply pay some amount in settlement.

41.     This pattern of improper and illegal activity is part of a fraudulent scheme intended to bully U-Tec and other contractors into submission.

## COUNT I: VIOLATION OF THE FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") 18 U.S.C.A. §§ 1961 *et seq.*

42.     U-Tec expressly incorporates the allegations set forth in Paragraphs 1 through 41 of its Complaint as though fully set forth herein.

43.     Phoenix and its clients are each "persons" within the meaning of 18 U.S.C.A. § 1961.

44.     Phoenix and its clients are, individually and jointly, enterprises within the meaning of 18 U.S.C.A. § 1961 engaged in, and whose activities affect, the economy of this State and interstate and foreign commerce.

45.     Phoenix and its clients conspired and endeavored to violate substantive portions of 18 U.S.C.A. §§ 1961 *et seq* as detailed above, and described further below.

46.     Phoenix and its clients have, individually and in concert with each other, engaged in unlawful acts against U-Tec and others in a manner that demonstrates a pattern of racketeering activity as defined under applicable sections of Federal Law.

47.     Phoenix and its client did knowingly, willfully, and unlawfully conduct or participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C.A. § 1961.

48.     The racketeering activity was made possible by Defendants' regular and repeated use of the facilities and services of the enterprise.

49.     Phoenix and its clients had the specific and general intent to engage in the substantive RICO violations alleged herein.

50.    Predicate acts of racketeering activity are acts which are indictable under provisions of the United States Code enumerated in 18 U.S.C.A. § 1961(1)(B), as more specifically alleged below.

51.    Phoenix and its clients each committed at last two such acts or else aided and abetted in such acts.

52.    The acts of racketeering activity were not isolated, but rather the acts of Phoenix and its clients were related in that they had the same or similar purpose and result, participants, victims, and method of commission.

53.    Further, the acts of racketeering by Phoenix and its clients have been continuous.

54.    There was repeated conduct for many years, and a continued threat of repetition of such conduct.

55.    The association-in-fact enterprise and the alternative enterprises were not limited to the predicate acts and extended beyond the racketeering activity.

56.    Phoenix and its clients have committed unlawful acts including, but not limited to, Mail Fraud pursuant to 18 U.S.C.A. § 1341, Wire Fraud pursuant to 18 U.S.C.A. § 1343, Interference with Commerce by Threats or Violence pursuant to 18 U.S.C.A. § 1951, and Interstate and Foreign Travel or Transportation in Aid of

Racketeering Enterprises pursuant to 18 U.S.C.A. § 1952 as specifically detailed below.

57.    Furthermore, Phoenix and its client would, at times, receive payment of false, fraudulent, and inflated Damage Claims Reports through the mail.

58.    Phoenix and its clients have the common goal of extorting funds based on false or fraudulent representations, and then siphoning off, diverting, and appropriating a portion of that money for their own pecuniary gain, use, and benefit.

59.    Phoenix and its clients, jointly and severally, have received direct monetary gain from the several transactions which were completed as the result of their unlawful activities.

60.    Phoenix and its clients, knowingly and intentionally, procured the assistance of one another for the unlawful purpose of defrauding the Plaintiff and others.

61.    Phoenix and its clients conspired to produce false, fictitious, and fabricated damages based upon false statements and representations.

62.    <u>Predicate Act: Use of Mails to Defraud U-Tec Pursuant to 18 U.S.C.A. § 1341.</u> Phoenix and its clients committed acts constituting indictable offenses under 18 U.S.C.A. § 1341 in that they devised or intended to devise a scheme or artifice to

defraud U-Tec and other contractors or to obtain money from U-Tec and other contractors by means of false or fraudulent pretenses, representations, or promises.

63.     For the purpose of executing their scheme or artifice, Phoenix and its clients caused delivery of various documents and things by the United States mails through the United States Postal Service or by private or commercial interstate carriers, or received such therefrom.

64.     The acts set forth above were done with knowledge that the use of the mails would follow in the ordinary course of business, or that such use could have been foreseen, even if not actually intended.

65.     These acts were done intentionally and knowingly with the specific intent to advance the scheme or artifice.

66.     Phoenix and its clients carried out the scheme in different states and could not have done so unless they used the United States mails or private or commercial interstate carriers or interstate wires.

67.     In furtherance of their scheme alleged herein, Phoenix and its clients communicated among themselves and with U-Tec in furtherance of the scheme to defraud U-Tec through the mails.

68.     These communications were typically transmitted by United States mails or private or commercial carriers.

69.     Specifically, Phoenix and its client would mail false, fraudulent, and inflated Damage Claim Reports to U-Tec and other contractors in an attempt to extort funds from U-Tec and other contractors that Phoenix and its clients could neither substantiate nor prove.

70.     The false statements, writings, and representations were made by Phoenix and its clients with scienter.

71.     U-Tec and other contractors have reasonably and justifiably relied upon Phoenix and its clients' false representations, false pretenses, and deceptive communications.

72.     U-Tec has been damaged as a direct and proximate result of Phoenix and its clients' participation in such enterprise as alleged herein in an amount to be determined at trial.

73.     Predicate Act: Use of Wires to Defraud U-Tec Pursuant to 18 U.S.C.A. § 1343. Phoenix and its clients committed acts constituting indictable offenses under 18 U.S.C.A. § 1343 in that they devised or intended to devise a scheme or artifice to defraud U-Tec and other contractors or to obtain money from U-Tec and other contractors by means of false or fraudulent pretenses, representations, or promises.

74.     For the purpose of executing their scheme or artifice, Phoenix and its clients caused delivery of various wires, or received such therefrom.

75.     The acts set forth above were done with knowledge that the use of the interstate wires would follow in the ordinary course of business, or that such use could have been foreseen, even if not actually intended.

76.     These acts were done intentionally and knowingly with the specific intent to advance the scheme or artifice.

77.     Phoenix and its clients carried out the scheme in different states and could not have done so unless they used the interstate wires.

78.     In furtherance of their scheme alleged herein, Phoenix and its clients communicated among themselves and with U-Tec in furtherance of the scheme to defraud U-Tec through the wires.

79.     These communications were typically transmitted by interstate wires.

80.     Specifically, Phoenix and its client would communicate about false, fraudulent, and inflated Damage Claim Reports to U-Tec and other contractors via the interstate wires in an attempt to extort funds from U-Tec and other contractors that Phoenix and its clients could neither substantiate nor prove.

81.     The false statements and representations were made by Phoenix and its clients with scienter.

82.     U-Tec and other contractors have reasonably and justifiably relied upon Phoenix and its clients' false representations, false pretenses, and deceptive communications.

83.     U-Tec has been damaged as a direct and proximate result of Phoenix and its clients' participation in such enterprise as alleged herein in an amount to be determined at trial.

84.     Predicate Act: Interference with Commerce by Threats or Violence pursuance to 18 U.S.C.A. § 1951. Phoenix and its clients committed acts constituting indictable offenses under 18 U.S.C.A. § 1951 in that they obstructed, delayed, or affected commerce or the movement of an article or commodity in commerce by extortion or attempted or conspired so to do.

85.     Phoenix and its clients committed extortion by obtaining or conspiring to obtain property from U-Tec with U-Tec's consent induced by wrongful use of actual or threatened force or fear or under color of official right.

86.     Specifically, Phoenix and its client would mail false, fraudulent, and inflated Damage Claim Reports to U-Tec and other contractors in an attempt to extort funds from U-Tec and other contractors that Phoenix and its clients could neither substantiate nor prove.

87.     The extortion was under threat of legal action for any demand unpaid.

88.    The false statements, writings, and representations were made by Phoenix and its clients with scienter.

89.    U-Tec and other contractors have reasonably and justifiably consented to the extortion under threat of force, fear, and duress of legal action.

90.    U-Tec has been damaged as a direct and proximate result of Phoenix and its clients' participation in such enterprise as alleged herein in an amount to be determined at trial.

91.    Predicate Act: Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises pursuant to 18 U.S.C.A. § 1952. Phoenix and its clients committed acts constituting indictable offenses under 18 U.S.C.A. § 1952 in that they traveled in interstate or foreign commerce or used the mail or any facility in interstate or foreign commerce, with the intent to distribute the proceeds of the herein alleged unlawful activity, and otherwise promoted, managed, established, carried on, or facilitated the promotion, management, establishment or carrying on, of the herein alleged unlawful activity.

92.    The unlawful activity herein alleged includes, but is not limited to, extortion and bribery.

93.    Specifically, Phoenix and its clients would mail false, fraudulent, and inflated Damage Claim Reports to U-Tec and other contractors in an attempt to

extort funds from U-Tec and other contractors that Phoenix and its clients could neither substantiate nor prove and those funds would travel through interstate or foreign commerce or the mail or other facilities in interstate or foreign commerce.

94.    U-Tec has been damaged as a direct and proximate result of Phoenix and its clients' participation in such enterprise as alleged herein in an amount to be determined at trial.

95.    The foregoing racketeering acts illustrate continuity and the threat of continuity in that they reflect a pattern of racketeering activity through false and fraudulent representations, statements, and forged signatures.

96.    Phoenix and its clients have conducted or participated, directly or indirectly, in the conduct of the affairs of the alleged enterprises through a pattern of racketeering activity as defined herein in violation of 18 U.S.C.A. § 1962(c).

97.    The unlawful actions of Phoenix and its clients have directly, illegally, and proximately caused and continue to cause injuries to U-Tec in its business.

98.    U-Tec seeks an award of damages in compensation for, among other things, the money extorted and fraudulently obtained from U-Tec.

99.    Plaintiff is entitled to an award of damages in the amount of three (3) times the actual damages sustained and is further entitled to an award of punitive damages, attorneys' fees, and the costs of investigation and litigation.

## COUNT II: FRAUD

100.   U-Tec expressly incorporates the allegations set forth in Paragraphs 1 through 99 of its Complaint as if fully set forth herein.

101.   Phoenix and its clients made false representations and material omissions of fact by falsely accusing U-Tec of damaging telecommunications lines owned and operated by Phoenix's clients.

102.   Phoenix and its clients made additional false representations and material omissions of fact by fabricating costs of repair that, if any damage even occurred, would have been unnecessary and inflated.

103.   The false representations and material omissions were made and concealed with scienter.

104.   Phoenix and its clients acted in concert with the intent to induce U-Tec to pay for fabricated and inflated repair costs for damage that U-Tec did not cause in order to extort funds in a settlement through collections.

105.   U-Tec justifiably and reasonably relied on the false representations and material omissions of facts to its detriment in that it incurred significant expenses in investigating and attempting to resolve the matters and later hiring legal counsel to defend the false accusations in the repair demands.

106.   As a direct and proximate cause of the fraud perpetrated by Phoenix and its clients, U-Tec has been damaged in an amount to be determined at trial.

## COUNT III: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

107.   U-Tec expressly incorporates the allegations set forth in Paragraphs 1 through 106 of its Complaint as though fully set forth herein.

108.   Phoenix owed U-Tec a duty to fully investigate the alleged damage before sending the demands and inflating the costs to repair alleged damage.

109.   Phoenix failed to complete the investigations of the alleged damages in its demands in a reasonable and thorough manner.

110.   Phoenix's failure to complete the investigations of the alleged damages in a reasonable and thorough manner was the actual and proximate causes of damages suffered by U-Tec.

111.   As a result of the allegations hereinabove, U-Tec has been damaged in an amount to be determined at trial.

## COUNT IV: VIOLATION OF GEORGIA'S RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT O.C.G.A. § 16-14-4(b)

112.   U-Tec expressly incorporates the allegations set forth in Paragraphs 1 through 111 of its Complaint as though fully set forth herein.

113.   Phoenix and its clients are each "persons" within the meaning of O.C.G.A. § 16-14-4.

114.   Phoenix and its clients are enterprises engaged in, and whose activities affect, the economy of this State and interstate commerce within the meaning of O.C.G.A. § 16-14-4(6).

115.   Phoenix and its clients conspired and endeavored to violate substantive portions of O.C.G.A. § 16-14-1, et seq.

116.   Phoenix and its clients have, individually and in concert with each other, engaged in unlawful acts against U-Tec and others in a manner that demonstrates a pattern of racketeering activity as defined under applicable sections of Georgia Law.

117.   Phoenix and its clients have committed unlawful acts including, but not limited to, theft by taking, theft by deception, theft by conversion, forgery, fraud, false statements, false writings.

118.   Phoenix and its clients have the common goal of extorting funds based on false or fraudulent representations, and then siphoning off, diverting, and appropriating a portion of that money for their own pecuniary gain, use, and benefit.

119.   Phoenix and its clients, jointly and severally, have received direct monetary gain from the several transactions which were completed as the result of their unlawful activities.

120.   Phoenix and its clients, knowingly and intentionally, procured the assistance of one another for the unlawful purpose of defrauding the Plaintiff and others.

121.   Phoenix and its clients conspired to produce false, fictitious, and fabricated damages based upon false statements and representations.

122.   The foregoing racketeering acts illustrate continuity and the threat of continuity in that the reflect a pattern of racketeering activity through false and fraudulent representations, statements, and forged signatures.

123.   Pursuant to O.C.G.A. § 16-14-6, Plaintiff is entitled to an award of damages in the amount of three (3) times the actual damages sustained and are further entitled to an award of punitive damages, attorneys' fees, and the costs of investigation and litigation.

## **COUNT V: NEGLIGENCE**

124.   U-Tec expressly incorporates Paragraphs 1 through 123 of its Complaint as if set forth fully herein.

125.   Phoenix owed a duty to U-Tec to investigate each matter reasonably, professionally, and with diligence.

126.   Phoenix breached that duty by conducting an incomplete and unprofessional investigation alleging damage by U-Tec without evidence corroborating the unsubstantiated allegations.

127.   As a direct and proximate cause of the negligent breach of the duty owed to Phoenix, U-Tec has been damaged in an amount to be determined at trial.

### COUNT VI: PUNITIVE DAMAGES
### PURSUANT TO O.C.G.A. § 51-12-5.1

128.   U-Tec expressly incorporates Paragraphs 1 through 127 of its Complaint as if set forth fully herein.

129.   Phoenix has acted with willful misconduct, malice, fraud, wantonness, or the entire want of care that would raise the presumption of conscious indifference to consequences.

130.   U-Tec is entitled to recover punitive damages in an amount to be determined at trial by the enlightened conscience of an impartial jury.

### COUNT VII: ATTORNEY'S FEES
### PURSUANT TO O.C.G.A. § 13-6-11

131.   U-Tec restates Paragraphs 1 through 130 of its Complaint as if set forth fully herein.

132.   Phoenix's allegations and demands lack substantial justification.

133.   Phoenix has conducted itself in bad faith and in a stubbornly litigious manner and caused U-Tec the unnecessary trouble and expense of bringing this action.

134.   The Plaintiff is entitled to an award for its attorneys' fees, costs and expenses associated with this action in an amount to be determined at trial by the enlightened conscience of an impartial jury.

**WHEREFORE**, U-Tec respectfully prays that this Court enter judgment as follows:

1. Accept Jurisdiction over this matter;

2. Award Plaintiff actual, compensatory, and punitive damages;

3. Award to U-Tec all costs and reasonable attorneys' fees incurred in connection with this action; and

4. Grant U-Tec such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

U-Tec demands a trial by jury on all claims properly triable by a jury.

**This** 15th day of January, 2021.

[*Signature on Following Page*]

Respectfully submitted,

**WEENER NATHAN PHILLIPS LLP**

/s/ Mathis L. Wilkens
Mathis L. Wilkens
Georgia Bar No.: 930847
*Attorney for Plaintiff*

5887 Glenridge Drive, NE, Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Facsimile: (770) 522-9004
Email:    mwilkens@wnpllp.com

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **U-TEC CONSTRUCTION, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **v.** | ) | |
| | ) | _____ |
| **PHOENIX LOSS CONTROL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

### VERIFICATION

PERSONALLY APPEARED before the undersigned officer duly authorized to administer and receive oaths, Plaintiff U-TEC CONSTRUCTION, INC., by and through its manager Mark Collins, who, after being duly sworn, states that all of the allegations in the foregoing Plaintiff U-Tec Construction, Inc.'s VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY, are true and correct to the best of his knowledge, information, and belief.

This _15_ day of January 2021.



_____
**U-Tec Construction, Inc.**
**By: Mark Collins, Manager**

Sworn to and subscribed before me this
_15_ day of January 2021.

_____
Notary Public

My commission expires: _8-8-2024_

# EXHIBIT 1



**Phoenix Loss Control
P.O. Box 271504
Littleton, CO 80127**

August 06, 2019

U TEC Construction
Matthew Green
926 RIDGEDALE DR
Lawrenceville, GA 30043

ATTN:   Claims Department
RE:       Your file number:                        Policy Number:

Claim Number: 199063140
Date of Damage on/about:     7/18/2019 5:00:00 PM
Location of Damage at/near:   113 Harlem Grovetown Rd Near Fornum Dr Grovetown, GA
30813
Amount Owed: $2,775.04

Our company is handling the recovery interests of WIDE OPEN WEST. Your company (or your sub-contractor) damaged Wide Open West facilities while at the above location, discovered on/about 7/18/2019 5:30:00 PM.

**Invoice is for damage caused by your crew during a power install project. Charges shown reflect the initial response to place a temporary line to return service to Wide Open West subscribers and a return to bury a new 267 foot span of original sized .625 cable to return Wide Open West site to its original condition. Please email Jerry Berg at jerry_berg@phoenixlosscontrol.com for additional documentation.**

Based on the information provided by the client, we have found you to be liable for this damage to Wide Open West facilities. Please forward any information that may dispute our findings, or payment in full, within 15 days of receipt of this correspondence.

If you are insured, you may consider turning this matter over to your insurance carrier, otherwise payment is due within 15 days of this letter and invoice. Pay online with a credit card, debit card, or bank account (eCheck/ACH) by visiting https://cts.phxloss.com/pay. Checks, Certified Money Orders, or Cashier's checks should be made payable to Phoenix Loss Control, Inc. and sent to:

**Phoenix Loss Control, Inc.
P.O. Box 271504
Littleton, CO 80127**

Please reference our claim number at the top of your check. If you have questions or require additional information, please contact me at the number listed below during normal business hours.

Sincerely,

Jerry Berg
Claims Manager, Phoenix Loss Control, Inc.
Phone: 559-999-1167
Email: jerry_berg@phoenixlosscontrol.com



Phone: 559-999-1167
Email: jerry_berg@phoenixlosscontrol.com

**Phoenix Loss Control**
**P.O. Box 271504**
**Littleton, CO 80127**

U TEC Construction
Matthew Green
926 RIDGEDALE DR
Lawrenceville, GA 30043
Phone: 706-835-9036

First Notice

| Date |
|---|
| 8/6/2019 |
| **Claim #** |
| 199063140 |
| **Client** |
| Wide Open West |

| QTY | Description | Unit Price | Total |
|---|---|---|---|
| 2:30 | Bucket Truck - Regular Time | $47.76 | $119.40 |
| 262.00 | Cable, 625, Jacketed 420-2205 | $0.68 | $178.16 |
| 2.00 | Connector, RG11 | $5.71 | $11.42 |
| 1.00 | Investigator Fee | $105.47 | $105.47 |
| 1.00 | Loss of Use | $252.28 | $252.28 |
| 267.00 | RG 11 Cable | $0.21 | $56.07 |
| 2.00 | Splice, 625, 1 GHz, 2-Piece 420-0305 | $15.82 | $31.64 |
| 2:30 | tech - maintenance tech I - Over Time | $56.37 | $140.92 |
| 267.00 | Underground Placement | $7.04 | $1,879.68 |
| | | Sub-Total | $2,775.04 |
| | | Payments | $0.00 |
| | | Balance | $2,775.04 |
| | **Please remit payment of balance within 15 days of this notice.** **Thank You!** | | |

Damage Address at/near: 113 Harlem Grovetown Rd Near Fornum Dr Grovetown, GA 30813

✂ – – – – – – – – – – – – – – – – – – – – – –

Please reference your claim number: 199063140 on checks or correspondence.

Please visit https://cts.phxloss.com/pay to pay online with a credit card, debit card, or bank account (eCheck). You will be asked to provide your claim number.

Please Send Payment To:
Phoenix Loss Control, Inc.
P.O. Box 271504
Littleton, CO 80127

**Damage Claim Report**



Claim #: 199063140                          Client: Wide Open West

**Initial Damage Call**

Date of Report:        7/19/2019            **Market:**     South
Damage Date/Time on/about: 7/18/2019 5:00:00 PM    **Office:**    Augusta GA Area
Damage Location at/near
Address 1:             113 Harlem Grovetown Rd
Cross Streets:         Near Fornum Dr
City:                  Grovetown         **State:** GA      **Zip:**    30813
County:                Columbia

**Damage Information**

Detail of Loss/Damage:
Boring for power cable cut through our 625 feeder cable

Comments Made at Scene:
Did ask other tech if we were out we said yes then they left

| Location Type | Activity Type | Damage By | Facility Type |
|---|---|---|---|
| N/A | Electric | Boring | Buried Cable |

**Damager**

Contact:       Matthew Green         **Bill This Address?** Yes
Company:       U TEC Construction
Address 1:     926 RIDGEDALE DR
Address 2:
City:    Lawrenceville   **State:** GA    **Zip:**    30043
Phone: 706-835-9036

Statement of Damager:
no statement

**Locate**

Company:       USIC              **Bill This Address?** No
Address 1: 9045 North River Rd **Address 2:** Suite 300 **City:** Indianapolis **State:** IN **Zip:** 46240
Locate Ticket #: 07029-236-010 **Locate Claim #:** 30420190718047 **Dig Start Date/Time:**
Locates Accuracy:

# EXHIBIT 2

Damage Claim Report



Claim #: 199068174                                   Client: Comcast

### Initial Damage Call

**Date of Report:**     11/26/2019        **Market:**     Big South : GA Atlanta
**Damage Date/Time on/about:** 11/26/2019 10:00:00 AM        **Office:**
                Atlanta

### Damage Location at/near
**Address 1:**       241 Devore Rd.
**Cross Streets:**   (Karen Dr.),
**City:**            Alpharetta          **State:**  GA          **Zip:**   30009
**County:**          Fulton

### Damage Information

**Detail of Loss/Damage:**
Damage to an underground 48 count fiber optic cable and conduit during electrical excavation by UTEC Construction.

| Location Type | Activity Type | Damage By | Facility Type |
|---|---|---|---|
| Dedicated Public Utility Easement | Electric | Unknown/Other | Buried Fiber\|Conduit |

### Damager

**Contact:**     Damage Claims              **Bill This Address?** Yes
**Company:**     UTEC Construction
**Address 1:**   926 Ridgedale Drive
**Address 2:**
**City:**   Lawrenceville   **State:** GA   **Zip:**   30043
**Phone:** 770-815-3119

### Locate

**Company:**     USIC              **Bill This Address?** No
**Address 1:** 9045 North River Road **Address 2:** Suite 300 **City:** Indianapolis **State:** IN **Zip:** 46240
**Locate Ticket #:** 10229-260-020 **Locate Claim #:** 30520191126031 **Dig Start Date/Time:** 11/26/2019 10:00:00 AM
**Locates Accuracy:**     Excavator dug after valid ticket expired

# comcast

Construction QC Approval Form
Quanta Telecommunication Services, LLC

| | | | |
|---|---|---|---|
| Submittal Date: | Thursday, December 12, 2019 | INVOICE NUMBER: | _____ |
| Project Name: | Devore Rd, 241 | | |
| Date Completed: | 11/26/19 | Final or Partial QC: | FINAL |
| Project #: | | Resubmittal? (Yes/No) | NO |
| COORDINATOR: | Kenny Waters | Type of Work: | EXP |
| Hub/Node: | N1 | | |
| Polaris Job ID: | | | |
| CST ID #: | | Approval # | _____ |
| PO # | | | To be issued by Capital Analyst |
| 6 Digit Bill Code: | | | |

| Line Item # | Description | Quantity | Price | Unit Type | Extended | Comments |
|---|---|---|---|---|---|---|
| F-5 | Install New Splice Enclosure | 1 | $ 119.00 | per each | $ 119.00 | |
| F-12 | Splice Loose Tube Fiber (Per Fusion 25-48) | 48 | $ 29.44 | each fiber | $ 1,413.12 | |
| F-20 | OTDR End to End (Separate Trip) | 2 | $ 119.00 | each fiber | $ 238.00 | |
| U-5 | Place Conduit and Cable in Joint Trench for Coax/Fiber | 260 | $ 1.34 | per trench foot | $ 348.00 | |
| U-6 | Pull Coax, Fiber or Innerduct (Separate Trip) | 600 | $ 1.15 | per trench foot | $ 690.00 | |
| U-16 | Place or Replace Large 36"x48"x30" Vault | 1 | $ 230.00 | per each | $ 230.00 | |
| U-21 | Proof Existing Conduit | 600 | $ 0.78 | per trench | $ 468.00 | |
| U-21A | Intercept Existing Conduit(s) & Over Set New Vault/Pedestal | 1 | $ 243.80 | per each | $ 243.80 | |
| U-22 | Dig Up and Repair and Restore | 3 | $ 188.60 | per each | $ 565.80 | |
| H-9 | Vacuum Excavate and Core | 18 | $ 133.40 | hour | $ 2,451.20 | |
| QC0020 | Safety Work | 200 | $ 1.50 | quote | $ 300.00 | Per 120139 Locating |
| H-6 | Emergency Call Out - Coax/Fiber Outage | 10 | $ 170.20 | hour | $ 1,702.00 | U6/Splice Crews/Const Coor/Troubleshoot/Multiple Trips |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |
| | | | | | $ - | |

Total Extended Price   $  8,860.72

_____                    _____   Date

ACCEPTED          REJECTED

Print Name and then sign

_____
Print Name

| Manager Approval Signature | _____ |   _____   Date

## COMCAST IN-HOUSE REPAIR INVOICE

Damager: UTEC Construction
Date of Damage: 11/26/19
Damage Address: 241 Devore Rd.
Claim Number: 199068174

| QTY | Description | Unit Price | Total |
|---|---|---|---|
| 200.00 | conduit - 2" | $1.09 | $218.00 |
| 48.00 | Fiber - protective sleeves | $1.95 | $93.60 |
| 1.00 | Fiber - Raychem enclosure | $304.29 | $304.29 |
| 1.00 | Fiber - storage vault | $426.41 | $426.41 |
| 400.00 | fiber cable 48 ct. | $0.62 | $248.00 |
| 8:00 | Fiber Van - Regular Time | $31.28 | $250.24 |
| 8:00 | Service Vehicle - Regular Time | $31.28 | $250.24 |
| 8:00 | Service Vehicle - Regular Time | $31.28 | $250.24 |
| 8:00 | Tech - Fiber - Regular Time | $53.78 | $430.24 |
| 8:00 | Tech - Fiber - Regular Time | $53.78 | $430.24 |
| 8:00 | Tech - Fiber - Regular Time | $53.78 | $430.24 |
| | | Total | $3,331.74 |

I am personally familiar with this damage claim and have read the above details and
hereby verify that the information contained within is accurate.

_Kenneth Waters_

Name

_Supervisor_

Title

_4-6-20_

Date

# EXHIBIT 3



Phoenix Loss Control
P.O. Box 271504
Littleton, CO 80127

October 19, 2020

This is the FINAL notice on this
matter. Please respond within 10
days otherwise this matter will be
referred to outside counsel.

UTEC CONSTRUCTION INC
926 RIDGEDALE DR.
ATTN: LARRY WILSON
LAWRENCEVILLE, GA 30043

ATTN:   Claims Department
RE:     Your file number:        Policy Number:

    Claim Number:    209076224
    Date of Damage on/about: 12/10/2019 11:00:00 AM
    Location of Damage at/near:      643 AVONDALE CREEK DR INDIAN CREEK, GA
    Amount Owed:    $3,088.98

Our company is handling the recovery interests of AT&T. Your company (or your sub-contractor) damaged AT&T
facilities while at the above location, discovered on/about .

**FINAL NOTICE: PLEASE REMIT IMMEDIATE PAYMENT OR FILE IS SUBJECT TO LEGAL COUNCIL. Please
email Karis Marion at karis_marion@phoenixlosscontrol.com for additional documentation.**

Based on the information provided by the client, we have found you to be liable for this damage to AT&T facilities.
Please forward any information that may dispute our findings, or payment in full, within 15 days of receipt of this
correspondence.

If you are insured, you may consider turning this matter over to your insurance carrier, otherwise payment is due
within 15 days of this letter and invoice. Pay online with a bank account/eCheck/ACH (no additional fee) or credit
card/debit card (convenience fee may vary between providers) by visiting https://cts.phxloss.com/pay. Checks,
Certified Money Orders, or Cashier's checks should be made payable to Phoenix Loss Control, Inc. and sent to:

Phoenix Loss Control, Inc.
P.O. Box 271504
Littleton, CO 80127

Please reference our claim number at the top of your check. If you have questions or require additional
information, please contact me at the number listed below during normal business hours.

Sincerely,

Karis Marion
Claims Manager, Phoenix Loss Control, Inc.
Phone: 303-524-4953
Email: karis_marion@phoenixlosscontrol.com



Phone: 303-524-4953
Email: karis_marion@phoenixlosscontrol.com

Phoenix Loss Control
P.O. Box 271504
Littleton, CO 80127

UTEC CONSTRUCTION INC
926 RIDGEDALE DR.
ATTN: LARRY WILSON
LAWRENCEVILLE, GA 30043
Phone:

Final Notice
This is the FINAL notice on this matter.
Please respond within 10 days
otherwise this matter will be referred to
outside counsel.

| Date |
| --- |
| 8/11/2020 |
| Claim # |
| 209076224 |
| Client |
| AT&T |

| QTY | Description | Unit Price | Total |
| --- | --- | --- | --- |
| 1.00 | Total Demand for Payment | $3,088.98 | $3,088.98 |
| | | Sub-Total | $3,088.98 |
| | | Payments | $0.00 |
| | | Balance | $3,088.98 |
| | Please remit payment of balance within 15 days of this notice.<br>Thank You! | | |

Damage Address at/near: 643 AVONDALE CREEK DR INDIAN CREEK, GA



Please reference your claim number: 209076224 on checks or correspondence.

Please visit https://cts.phxloss.com/pay to pay online with a credit card, debit card, or bank account
(eCheck). You will be asked to provide your claim number.

Make your check, money order, or cashier's check payable to:
Phoenix Loss Control, Inc.
P.O. Box 271504
Littleton, CO 80127

Permanent repairs may be estimated and are subject to change pending actual costs

# Exhibit 4



Phoenix Loss Control
P.O. Box 271504
Littleton, CO 80127

November 18, 2020

UTEC CONSTRUCTION INC
926 RIDGEDALE DR.
ATTN: LARRY WILSON
LAWRENCEVILLE, GA 30043

Amount Due: $3,088.98
Offer to Settle in Full: $2,162.29
Date of Damage: 12/10/2019
Phoenix Loss Control Claim No.: 209076224
Claim Manager: Marion, Karis @ 303-524-4953, karis_marion@phoenixlosscontrol.com

**SUBJECT: REDUCED SETTLEMENT OFFER EXPIRES FRIDAY, DECEMBER 18, 2020**

UTEC CONSTRUCTION INC,

Phoenix has been retained by AT&T to recover its economic losses resulting from damage to its property located at 643 AVONDALE CREEK DR, INDIAN CREEK GA. Phoenix has been attempting to reach a resolution regarding said property damage.

**At this time, AT&T has authorized Phoenix to settle this claim in full for $2,162.29.**

**If you choose to accept said offer please reply via email or in writing within 10 business days from the date of this letter advising that you are agreeing to a reduced amount and will tender payment within 30 days from the date of this letter. Remit payment using the following Payment Options:**

* Credit Card: **http://cts.phxloss.com/pay** Use Claim Number 209076224
* Mail Check/Money Order to: **Phoenix Loss Control, Inc. P.O. Box 271504, Littleton, CO 80127**

Should you have any questions/concerns regarding this claim we encourage you to get in touch with the contact person listed above before the reduced offer expires. If you wish to assent via email please contact karis_marion@phoenixlosscontrol.com or acceptance can be sent in writing to **PO Box 271504, Littleton, CO 80127**

Respectfully,

Marion, Karis
303-524-4953
karis_marion@phoenixlosscontrol.com