UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| U-TEC CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHOENIX LOSS CONTROL, INC., and KONKORDIA PHOENIX PLC, INC., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:21-CV-00265-JPB |

## ORDER

This matter comes before the Court on Phoenix Loss Control, Inc.'s Motion to Dismiss [Doc. 27] and Konkordia Phoenix PLC, Inc.'s Motion to Dismiss [Doc. 31] U-Tec Construction, Inc.'s ("Plaintiff") Amended Complaint. This Court finds as follows:

## BACKGROUND

Plaintiff is a construction company that provides a variety of lighting, construction and electrical services. [Doc. 24, p. 2]. Phoenix and Konkordia (together, "Defendants") are collections agencies for utility, power and telecommunications companies. Id. Plaintiff contends that Defendants routinely include inflated and false charges on settlement demand invoices that they send to Plaintiff on behalf of their clients. Id. at 5. For example, the Amended Complaint

alleges that Defendants sent fraudulent Damage Claim Invoices with unfounded line items of alleged damages; used client letterhead to give the appearance of authenticity to otherwise fraudulent invoices; and sent fraudulent Damage Claim Reports that listed only a total demand for payment without providing line-item costs to substantiate the amount claimed.[1]  Id. at 6.  When Damage Claim Reports are not resolved, Defendants send a Reduced Settlement Offer, which Plaintiff claims conveys a "threat of litigation."[2]  Id. at 7.

According to Plaintiff, Defendants "act in concert with local utility service providers to create false and fraudulent invoices of repair work allegedly completed."  Id.  Plaintiff charges that Defendants base their damages claims on "speculation and conjecture" by "falsely alleg[ing] that [Plaintiff] damaged its

---

[1] Plaintiff attached exhibits to the Amended Complaint that Plaintiff claims illustrate these practices; all of the documents in the exhibits appear to be from Phoenix.  Exhibit 1 is a letter dated August 6, 2019, accompanied by an invoice and Damage Claim Report; Plaintiff alleges that these documents contain false and inflated damages.  [Doc. 24, pp. 28–30].  Exhibit 2 is a Damage Claim Report dated November 26, 2019, with purportedly false damages.  Id. at 31.  Exhibit 2 also includes documents on client letterhead.  Id. at 32–33 (showing a "Construction QC Approval Form" on a document with the Comcast brand along with a "Comcast in-house repair invoice").  Exhibit 3 contains an allegedly unsubstantiated Demand for Payment, dated October 19, 2020, that does not separate the amount owed into line items.  Id. at 34–35 (displaying a final notice and invoice listing only a "total demand for payment").

[2] Exhibit 4 is a letter dated November 18, 2020, from Phoenix to Plaintiff with the subject line "Reduced Settlement Offer Expires Friday, December 18, 2020."  [Doc. 24, p. 36].  The letter states that "AT&T has authorized Phoenix to settle this claim in full for $2,162.29" and provides instructions for accepting the offer.  Id.  The letter does not mention litigation.

2

collections clients' lines without any eyewitness or other evidence that [Plaintiff] did in fact damage anything." Id. at 7, 8. Plaintiff claims that Defendants "have attempted to extort funds" from Plaintiff and others "in a pattern of improper conduct." Id. at 8. Per Plaintiff, "[t]his pattern of improper and illegal activity is part of a fraudulent scheme intended to bully [Plaintiff] and other contractors" into paying the allegedly false damages and repair costs. Id. at 9.

Plaintiff brought this action on January 15, 2021, against Phoenix.[3] [Doc. 1]. Plaintiff filed an Amended Complaint on June 25, 2021, adding Konkordia as a defendant. [Doc. 24]. The Amended Complaint brought the following claims against Defendants: Count I, violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"); Count II, fraud; Count III, tortious interference with business relationships; Count IV, violation of the Georgia RICO statute; Count V, negligence; Count VI, punitive damages; and Count VII, attorney's fees. Phoenix filed a Motion to Dismiss or, in the Alternative, for a More Definite Statement on July 9, 2021. [Doc. 27]. Konkordia filed a Motion to Dismiss on July 28, 2021. [Doc. 31].

---

[3] On February 18, 2021, Phoenix moved to dismiss Plaintiff's original complaint. [Doc. 8]. After Plaintiff filed the Amended Complaint, the Court denied that motion as moot. [Doc. 26].

## ANALYSIS

**A.     Legal Standard**

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). As to the sufficiency of a complaint, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must allege sufficient facts that, when accepted as true, state a plausible claim to relief. Id. However, "if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012).

**B.     Plaintiff's Claims**

The Court addresses Plaintiff's claims as follows: (1) Count II, fraud; (2) Counts I and IV, the federal and Georgia RICO claims; (3) Count III, the claim for

tortious interference with business relationships; (4) Count V, negligence; and (5) Counts VI and VII, punitive damages and attorney's fees.

    **1.**    *Count II:  Fraud Claim*

Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud."  To meet this pleading standard, "a plaintiff must allege:  '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [plaintiff]; and (4) what the defendants gained by the alleged fraud.'"  Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380–81 (11th Cir. 1997)).  Where a fraud claim is brought against multiple defendants, "[t]he plaintiff must allege facts with respect to each defendant's participation in the fraud."  Am. Dental, 605 F.3d at 1291.  This heightened pleading requirement serves an important purpose:  to "provide the defendants with sufficient notice of the acts of which plaintiff complains to enable them to frame a response, prevent fishing expeditions to uncover imagined wrongs, and protect defendants from unfounded accusations of immoral and otherwise wrongful conduct."  U.S. ex rel. Clausen v.

Lab'y Corp. of Am., 198 F.R.D. 560, 562 (N.D. Ga. 2000), aff'd, 290 F.3d 1301 (11th Cir. 2002).

Defendants argue that Plaintiff failed to plead its fraud claims with the requisite specificity. The Court agrees. Plaintiff provides no specific names, dates, times or places about the allegedly fraudulent conduct, nor does Plaintiff present facts about how the allegedly fraudulent statements misled Plaintiff or what Defendants gained by the purported fraud. Plaintiff claims that Defendants' supposed fraud extends over an unspecified time frame and includes unnamed entities: according to Plaintiff, Defendants presented false claims "over many years" and did so "in concert with their telecommunications and utility clients." [Doc. 24, pp. 2, 3]. These vague statements are insufficient to place Defendant on notice of the conduct at issue. Plaintiff also failed to specify which allegations apply to which Defendants, and "generalized allegations 'lumping' multiple defendants together are insufficient" for a fraud claim. W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (quoting Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007)).

As noted earlier, the Amended Complaint includes Damage Claim Reports and other documents that Plaintiff alleges to be fraudulent. Perhaps those exhibits

could be construed as conveying the "who, what, where, when, why and how of the alleged fraud." WESI, LLC v. Compass Env't, Inc., 509 F. Supp. 2d 1353, 1358 (N.D. Ga. 2007). But Plaintiff does not make this argument in the Amended Complaint or in its Responses to the Motions to Dismiss. Further, the Amended Complaint does not explain *why* these documents are fraudulent by, for example, alleging specific facts about the information conveyed in a particular Damage Claim Report. The Court cannot fill in these gaps. See W. Coast Roofing, 287 F. App'x at 86 ("Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud.").

In the Responses to the instant Motions, Plaintiff notes that "'Rule 9(b)'s heightened pleading standard is applied less stringently when specific factual information about the details of the fraud are peculiarly within the defendants' knowledge or control.'" Glock v. Glock, 247 F. Supp. 3d 1307, 1314 (N.D. Ga. 2017) (quoting Great Fla. Bank v. Countrywide Home Loans, Inc., No. 10-22124-CIV, 2011 WL 382588, at *5 (S.D. Fla. Feb. 3, 2011)), aff'd, 714 F. App'x 987 (11th Cir. 2018). While this may be true, Plaintiff makes no arguments, in the Amended Complaint or elsewhere, to suggest that this "less stringent" standard could or should apply to the case at bar. For instance, Plaintiff alleges no facts

showing that the details of the purported fraud are "peculiarly" within Defendants' control.  To withstand a motion to dismiss, Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that [Defendants] are liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Plaintiff has not done so here.  Therefore, Defendants' Motions to Dismiss Count II are **GRANTED**.

### 2. *Counts I and IV:  Federal and Georgia RICO Claims*

To state a RICO claim, "a plaintiff must allege each of the following four elements:  '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)).  When bringing a RICO claim, a plaintiff is held to Rule 9(b)'s heightened pleading standard.  Ambrosia Coal, 482 F.3d at 1316 ("Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity.").  Finally, because the federal and Georgia RICO statutes are "essentially identical," a plaintiff's "'failure to state a claim under the federal act warrants dismissal under the Georgia act.'"  Cisneros v. Petland, Inc., 972 F.3d 1204, 1221 (11th Cir. 2020) (quoting Feldman v. Am. Dawn, Inc., 849 F.3d 1333, 1342 (11th Cir. 2017)).

Defendants argue that Plaintiff failed to plead facts showing the necessary elements of a RICO claim.  Konkordia contends specifically that Plaintiff failed to

allege facts showing, among other things, the existence of an enterprise.  For RICO purposes, an "enterprise" is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  Plaintiff claims that "Phoenix, Konkordia, and their clients are, individually and jointly, enterprises within the meaning of [§ 1961]."  [Doc. 24, p. 9].  Because they are not collectively a legal entity, Phoenix, Konkordia and their (unnamed) clients must necessarily be an "association in fact," if these entities represent an "enterprise" at all.  Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1352 (11th Cir. 2016).  To meet RICO's "enterprise" requirement, an association-in-fact enterprise "must possess three qualities: 'a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'"  Id. (quoting Boyle v. United States, 556 U.S. 938, 946 (2009)).

Plaintiff's assertion that Defendants and their clients constitute an "enterprise" is a legal conclusion that the Court is not obliged to accept as true in the absence of supporting facts.  See Iqbal, 556 U.S. at 678 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting Twombly, 550 U.S. at 555)).  Here, Plaintiff did

not plead any facts to support the claim that Defendants and their clients form an association-in-fact.  Plaintiff alleges that Defendants and their clients "created a course of conduct to fabricate damages and costs of repair in an attempt to extort funds from [Plaintiff] and other contractors," which might suggest the existence of a "purpose."  [Doc. 24, p. 9].  However, this general statement, devoid of any factual enhancement, does not meet the heightened pleading requirements with which RICO claims must comply.  Plaintiff suggests that some members of the alleged enterprise are Defendants' business clients but does not explain the relationship between Defendants themselves.  Finally, Plaintiff claims that the conduct at issue is "continuous" and was "repeated" for "many years."  Id. at 11.  These vague assertions do not cross the threshold of specificity imposed by Rule 9(b).

Stating a plausible claim to relief "means that a complaint must 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'"  Fernau v. Enchante Beauty Prods., Inc., 847 F. App'x 612, 621 (11th Cir. 2021) (quoting Randall v. Scott, 610 F.3d 701, 707 n.2 (11th Cir. 2010)).  As to the RICO claims, the Amended Complaint lacks even inferential allegations establishing the existence of an enterprise.  As such, the Court need not consider whether Plaintiff showed the

other elements necessary for RICO liability.  Defendants' Motions to Dismiss Counts I and IV are **GRANTED**.

### 3. *Count III:  Claim for Tortious Interference with Business Relationships*

To state a claim for tortious interference with business relationships, "a plaintiff must show [that] defendant:  (1) acted improperly and without privilege, (2) acted purposely and with malice with the intent to injure, (3) induced a *third party or parties* not to enter into or continue a business relationship with the plaintiff, and (4) caused plaintiff financial injury."  Renden, Inc. v. Liberty Real Est. Ltd. P'ship III, 444 S.E.2d 814, 817 (Ga. Ct. App. 1994).  Defendants contend that Plaintiff failed to state a claim for this count because the Amended Complaint contains no allegations that Defendants "induced a current or prospective client to refuse or discontinue a business relationship with [Plaintiff]."  [Doc. 27-1, p. 14]; see also [Doc. 31, p. 20] ("Plaintiff does not even *attempt* to allege that Konkordia induced a breach of contract or interfered with a business relationship.").  Defendants are correct.  The Amended Complaint contains no suggestion, let alone a factual allegation, that Defendants induced a third party not to enter into a business relationship with Plaintiff—yet "inducement is an 'essential element' of a claim for tortious interference with business relations."  Fed. Express Corp. v. Petlechkov, No. 1:15-CV-2565, 2017 WL 6460261, at *5 (N.D. Ga. Dec. 18, 2017)

11

(quoting Camp v. Eichelkraut, 539 S.E.2d 588, 593 (Ga. Ct. App. 2000)).  In the Responses to the Motions to Dismiss, Plaintiff simply restates the elements of a claim for tortious interference with business relations and asserts that it "more than adequately" stated a claim to relief.  [Doc. 33, p. 17]; see, e.g., Franklin v. Curry, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) ("[W]e afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.").

As such, Plaintiff failed to state a claim for tortious interference with business relationships.  USI Ins. Servs. LLC v. Se. Series of Lockton Cos., LLC, No. 1:20-CV-02490, 2021 WL 912258, at *6 (N.D. Ga. Mar. 10, 2021) ("[I]n the absence of [the counterclaimant] identifying a single client lost, [the counterclaimant] has failed to state a claim for tortious interference with business relations.").  Defendants' Motions to Dismiss Count III are **GRANTED**.

### 4. *Count V: Negligence*

A plaintiff bringing a negligence claim "must show four elements: a duty, a breach of that duty, causation and damages." City of Richmond Hill v. Maia, 800 S.E.2d 573, 576 (Ga. 2017) (quoting Johnson v. Am. Nat'l Red Cross, 578 S.E.2d 106, 108 (Ga. 2003)).  "'The threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care.'"

Ford Motor Co. v. Reese, 684 S.E.2d 279, 283 (Ga. Ct. App. 2009) (quoting Holcomb v. Walden, 607 S.E.2d 893, 895 (Ga. Ct. App, 2004)).

Defendants argue that Plaintiff failed to show any applicable duty. In the Amended Complaint, Plaintiff alleges that Defendants "owed a duty to [Plaintiff] to investigate each matter reasonably, professionally, and with diligence." [Doc. 24, p. 23]. Plaintiff offers no facts in support of this statement. Without more, this is a conclusory assertion that the Court is not required to accept as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim to relief. Iqbal, 556 U.S. at 678. Without first establishing that Defendants owed a duty, Plaintiff cannot show the remaining elements of a negligence claim. McKenna Long & Aldridge, LLP v. Keller, 598 S.E.2d 892, 894 (Ga. Ct. App. 2004) ("It is well established that an action in negligence requires the breach of a duty owed to the claimant."). Accordingly, Defendants' Motions to Dismiss Count V are **GRANTED**.

     5.    *Counts VI and VII: Punitive Damages and Attorney's Fees*

Plaintiff requests punitive damages under O.C.G.A. § 51-12-5.1 and attorney's fees pursuant to O.C.G.A. § 13-6-11. As a prerequisite to recovery, both of these statutory provisions require Plaintiff to succeed on an underlying claim.

Sandy Springs Toyota v. Classic Cadillac Atlanta Corp., 604 S.E.2d 303, 306 (Ga. Ct. App. 2004) ("A claim for expenses of litigation under O.C.G.A. § 13-6-11 is not an independent cause of action."); APAC-Southeast, Inc. v. Coastal Caisson Corp., 514 F. Supp. 2d 1373, 1381 (N.D. Ga. 2007) ("Punitive damages may be awarded under [O.C.G.A. § 51-12-5.1] only if the plaintiff prevails on an underlying tort claim."). Because Plaintiff "has not prevailed on any of [its] enumerations," the "claims for attorney['s] fees and damages must fail." Burns v. Dees, 557 S.E.2d 32, 40 (Ga. Ct. App. 2001). Defendants' Motions to Dismiss Counts VI and VII are **GRANTED**.

## CONCLUSION

For the foregoing reasons, Phoenix's Motion to Dismiss [Doc. 27] and Konkordia's Motion to Dismiss [Doc. 31] are **GRANTED**.[4] The Clerk is **DIRECTED** to **CLOSE** the case.

**SO ORDERED** this 28th day of March, 2022.

J. P. BOULEE
United States District Judge

---

[4] Phoenix moved in the alternative for a more definite statement in the event that this Court declined to dismiss one or more of the claims. [Doc. 27, p. 2]. Because the Court concluded that all of Plaintiff's claims are subject to dismissal, the Court need not address the Motion for a More Definite Statement.